# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11169
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

January 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ALBERTO VILLA-SANCHEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-255-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Alberto Villa-Sanchez, a citizen of Mexico, appeals the sentence imposed for his illegal reentry, in violation of 8 U.S.C. § 1326. In that regard, Villa pleaded guilty to entering the United States without permission after having been previously deported in 2011.

In 2005, Villa was convicted, *inter alia*, of possession with intent to deliver a controlled substance, in violation of Tex. Health & Safety Code § 481.112(a). The presentence investigation report (PSR) recommended, *inter*

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

*alia*, the 2005 convictions qualified as drug-trafficking offenses, warranting a Guidelines enhancement as defined under Guideline § 2L1.2 cmt. n.1(B)(iv). Villa did not object to the recommended enhancement; and, at sentencing, the court confirmed Villa had no objection to it. The court adopted the PSR and sentenced Villa to 71-months' imprisonment, within the advisory Guidelines sentencing range.

For the first time on appeal, Villa challenges the determination that his prior Texas convictions qualified as drug-trafficking offenses, warranting an enhancement under § 2L1.2(b)(1)(A)(i). Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751—53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Villa did not preserve his challenge in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Villa must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

No. 15-11169

Villa contends his prior convictions do not qualify as drug-trafficking offenses in the light of the 2008 revisions to § 2L1.2 cmt. n.1(B)(iv), which added the below bracketed phrase to the Guideline:

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, [or offer to sell] a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute or dispense.

§ 2L1.2 cmt. n.1(B)(iv) (2014) (brackets added). In support, Villa points to *United States v. Ford*, 509 F.3d 714, 717—18 (5th Cir. 2007), in which our court determined the same Texas offense at issue here qualified as a "controlled-substance offense" pursuant to §§ 2K2.1(a)(4)(A) (2015), and 4B1.2(b) (2015). Notably, the definition of "controlled-substance offense" was identical to the pre-revision version of "drug-trafficking offense". *See Ford*, 509 F.3d at 715. Villa contends the 2008 revision to the "drug-trafficking offense" definition evinces the intent, in response to *Ford*, to remove application of the enhancement for prior convictions for possession with intent to offer for sale. He reasons that the addition of "offer to sell" only to the list of qualifying completed crimes, and not to crimes of possession with intent, demonstrates the intent to exclude the Texas offense from triggering the enhancement.

Villa, however, admits any error was not plain, and states he is raising the issue to preserve it for possible further review. He contends, nonetheless, that, because the error affects his substantial rights, this court should exercise discretion to reverse the error. As Villa concedes, no plain error was committed by the court's application of § 2L1.2 cmt. n.1(B)(iv) (2014). And, our court only has discretion to correct a plain (clear or obvious) error that affected his substantial rights. *Puckett*, 556 U.S. at 135.

AFFIRMED.

3